[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 25, 2008
THOMAS K. KAHN
CLERK

No. 08-10451
Non-Argument Calendar

_____

D. C. Docket No. 07-00044-CR-4-RH-WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUDSON BRUNOT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(September 25, 2008)**

Before BIRCH, DUBINA and WILSON, Circuit Judges.

PER CURIAM:

Judson Brunot appeals his 42-month sentence, which was imposed following

his conviction on three counts: one count of conspiracy to defraud the United States, in violation of 18 U.S.C. §§ 371 and 1029(b)(2); one count of producing, using, and trafficking in counterfeit access devices in violation of 18 U.S.C. §§ 1029(a)(1), 1029(c) and 2; and, one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A and 2. He was convicted on the basis of his use, in conjunction with his co-conspirators, of counterfeit credit cards. At sentencing, the court adopted the probation officer's finding that the amount of intended loss attributable to Brunot was $69,936.63. The court calculated Brunot's total offense level and resulting sentence on the basis of this amount.

On appeal, Brunot argues that the court erred (1) in using his intended loss to determine his offense level and (2) in calculating the intended loss by multiplying the average amount of loss to those accounts that suffered pecuniary harm by the total number of victims. We review "[a] district court's determination . . . of loss for sentencing purposes . . . for clear error." *United States v. Nostrati-Shamloo*, 255 F.3d 1290, 1291 (11th Cir. 2001). A district court need only make a reasonable estimate of the loss. *See* U.S. SENTENCING GUIDELINES MANUAL § 2B1.1., cmt. n.3 (C) (2007).

Brunot contends that the court erred in using his intended loss to determine his offense level because the government failed to show by a preponderance of the

evidence that its intended loss calculation was accurate. Brunot contends that the government was required to meet this burden with reliable and specific evidence, and that the government presented no such evidence here. Brunot further argues, that since the government failed to support its intended loss calculation with reliable evidence, the loss calculation should be based on actual loss. Finally, Brunot argues that, if intended loss is used, it should be calculated to include only an average loss amount multiplied by the number of victims that sustained actual pecuniary loss, rather than by the total number of counterfeit credit cards.

Under the Sentencing Guidelines, "loss is the greater of actual loss or intended loss." U.S. SENTENCING GUIDELINES MANUAL § 2B1.1., cmt. n.3 (A) (2007). "'Intended loss' (I) means the pecuniary harm that was intended to result from the offense; and (II) includes intended pecuniary harm that would have been impossible or unlikely to occur . . . . " U.S. SENTENCING GUIDELINES MANUAL § 2B1.1., cmt. n.3 (A)(ii) (2007). As we held in *Nosrati-Shamloo*, intent can be difficult to prove; therefore, a defendant's intent must often "be inferred from circumstantial evidence." 255 F.3d at 1292. According to the Sentencing Guidelines, the estimate of the loss should "be based on available information, taking into account . . . [t]he approximate number of victims multiplied by the average loss to each victim." U.S. SENTENCING GUIDELINES MANUAL § 2B1.1.,

3

cmt. n.3 (C)(iii) (2007).

Because Brunot objected to the probation officer's determination that the amount of loss was $69,936.63, the government bore the burden at sentencing of proving this loss amount by a preponderance. *See United States v. Bernardine*, 73 F.3d 1078, 1080 (11th Cir. 1996). This burden must be met with reliable and specific evidence. *Id.* The loss determination does not need to "be made with precision." *United States v. Dominguez*, 109 F.3d 675, 676 (11th Cir. 1997) (quotations and citations omitted).

The district court did not err in finding that the government met its burden. Under our precedent, the government could have calculated Brunot's intended loss based on the total line of credit to which Brunot had access. *Nosrati-Shamloo*, 255 F.3d at 1290. Alternatively, the government could have calculated Brunot's intended loss based on the highest usage of any one of the counterfeit credit cards. *See United States v. Stetson*, No. 06-11766, 202 Fed. Appx. 449, 451 (11th Cir. 2006). Rather, the government calculated an average actual use of the cards, which was more favorable to Brunot. The government provided reliable evidence of Brunot's credit card usage and met its burden of proof.

Since the government provided reliable evidence, the district court did not err in basing its calculations on intended, rather than actual loss. Furthermore, the

4

district court did not err by multiplying the average actual loss by the total number of counterfeit credit cards. Because Brunot made the counterfeit credit cards, the district court concluded that he intended to use them. This Circuit's precedent and the commentary to the Sentencing Guidelines instruct a court to use intended loss to calculate a defendant's total offense level. The government provided the court with reliable and specific evidence sufficient to establish the amount of intended loss by a preponderance. Therefore, the district court did not clearly err in accepting the probation officer's calculation of intended loss.

## CONCLUSION

Upon review of the parties' briefs and the record, we discern no reversible error. Accordingly, we affirm Brunot's sentencing by the district court.

**AFFIRMED.**

5